IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

DEUTSCHE BANK NATIONAL TRUST COMPANY IN ITS CAPACITY AS INDENTURE TRUSTEE FOR THE NOTEHOLDERS OF AAMES MORTGAGE INVESTMENT TRUST 2005-2, A DELAWARE STATUTORY TRUST,

      Plaintiff,

vs.

DIAMOND TAYLOR AND CLINTON THOMAS

      Defendants.

_____/

## QUIET TITLE COMPLAINT

Plaintiff Deutsche Bank National Trust Company in its capacity as Indenture Trustee for the Noteholders of AAMES Mortgage Investment Trust 2005-2, a Delaware statutory trust (**Deutsche Bank**), sues defendants Diamond Taylor and Clinton Thomas and any and all unknown parties claiming by, through, under and against Diamond Taylor and Clinton Thomas who are not known to be dead or alive, whether said unknown parties may claim an interest as spouses, heirs, devisees, grantees, or other claimants, and all others whom it may concern, and states as follows:

—JURISDICTION AND VENUE—

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. Complete diversity exists between Deutsche Bank and all defendants.

2. Deutsche Bank is a Delaware statutory trust whose trustee is a citizen of New York.

3. Diamond Taylor is a citizen of Florida.

4. Clinton Thomas is a citizen of Florida.

5. The fair market value of the property in dispute exceeds $75,000. The property is valued at $108,900 by the Broward County, Florida, Property Appraiser.

6. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2) because: (a) a substantial part of the events and omissions giving rise to the claims occurred in this district; and (b) the property that is the subject of the action is situated in this district.

7. All conditions precedent have been performed or waived.

—GENERAL ALLEGATIONS—

DEUTSCHE BANK'S TITLE ACQUISITION THROUGH FORECLOSURE

8. Deutsche Bank is the sole owner in fee simple of real property located at 1710 Madison Street, Unit 1, Hollywood, Florida 33020, and more particularly described as:

CONDOMINIUM PARCEL NO. 1 OF PALM MADISON APARTMENT, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, RECORDED IN OFFICIAL RECORDS BOOK 2952, PAGE 588 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA. AS PROVIDED FOR BY THE CONDOMINIUM ACT OF THE STATUTES OF THE STATE OF FLORIDA (F.S. 711 ET SEQ.) SAID DESCRIPTION AND THIS CONVEYANCE INCLUDES, BUT IS NOT LIMITED TO, ALL APPURTENANCES TO THE CONDOMINIUM PARCEL ABOVE DESCRIBED, INCLUDING THE UNDIVIDED INTEREST IN THE COMMON ELEMENTS OF SAID CONDOMINIUM.

9. Deutsche Bank deraigns title to the property as follows:

   a. James M. Linton, III, and Lee D. Linton executed a Warranty Deed transferring the property to Julio Astacio, Jr. on January 20, 1998, which deed was recorded in Broward County, Florida Official Records Book 27661, Page 54, on February 5, 1998. A copy of the recorded Warranty Deed is attached as **EXHIBIT A**.

b.     In connection with his property purchase, Julio Astacio, Jr., gave a first mortgage against the property to Aames Funding Corporation d/b/a Aames Home Loan on April 5, 2005, in the original principal amount of $75,000.00, which mortgage was recorded in Broward County, Florida, Official Records Book 39563, Page 134 on May 4, 2005. A copy of the recorded mortgage is attached as **EXHIBIT B**.

c.     Accredited Home Lenders, Inc., as successor by merger to Aames Funding Corporation d/b/a Aames Home Loan, assigned the mortgage to Deutsche Bank as referenced in a mortgage assignment dated September 21, 2011, which mortgage assignment was recorded in Broward County, Florida, Official Records Book 48233, Page 413, on October 11, 2011. A copy of the recorded Assignment of Mortgage is attached as **EXHIBIT C**.

d.     Deutsche Bank filed an action on December 22, 2011, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, case number CACE11031962, to foreclose on the mortgage. A copy of Deutsche Bank's notice of *lis pendens*, recorded in Broward County, Florida Official Records Book 48426, Page 1393, on January 16, 2012, is attached as **EXHIBIT D**.

e.     A Final Judgment was entered in the foreclosure in Deutsche Bank's favor on August 26, 2014, which judgment was recorded in Broward County, Florida, Official Records Book 51055, Page 932, on September 2, 2014. A copy of the recorded Final Judgment is attached as **EXHIBIT E**.

f.     Deutsche Bank was the highest bidder at the foreclosure sale set pursuant to the Final Judgment and the property was sold to Deutsche Bank on April 25, 2019. A

        copy of the Certificate of Sale filed in the foreclosure on April 25, 2019, is attached as **EXHIBIT F**.

    g.    Deutsche Bank took title to the property via a title certificate issued in the foreclosure on May 7, 2019, which title certificate was recorded in the Broward County, Florida, Official Records as instrument number 115811171 on May 17, 2019.  A copy of the recorded Certificate of Title is attached as **EXHIBIT G**.

### THE FORGED AND FRAUDULENT DEEDS

10.    On December 10, 2020, Diamond Taylor, or someone acting on Diamond Taylor's behalf, knowingly prepared and recorded an unauthorized, forged and/or fraudulent Quitclaim Deed in the Broward County, Florida, Official Records under instrument number 116919170 (the "**Quitclaim Deed**"), that purports to deed the property from Deutsche Bank to Diamond Taylor.  A copy of the recorded Quitclaim Deed is attached as **EXHIBIT H**.

11.    The Quitclaim Deed is unauthorized on its face and in substance because, among other reasons:

    a.    Deutsche Bank did not have knowledge of or authorize the Quitclaim Deed's creation, execution or recordation and did not grant Diamond Taylor any rights in or to the property;

    b.    The purported Quitclaim Deed preparer, Premier Corporate Solution LLC, does not exist;

    c.    The address given for Premier Corporate Solution LLC is an address for another company;

  d.  The phone and fax numbers given for Premier Corporate Solution LLC are phone and fax numbers for another company;

  e.  The principle address given for Deutsche Bank is the address for another company;

  f.  The address given for Diamond Taylor does not exist;

  g.  Upon information and belief, Shakila Clayton's signature was forged and the person who executed the Quitclaim Deed did not have the authority to transfer the property;

  h.  Lakesha Mackey's signature was forged and she did not witness the Quitclaim Deed;

  i.  Scott Hartman's signature was forged and he did not witness the Quitclaim Deed;

  j.  Notary Philip Brown's signature and the notarial seal were forged and he did not notarize the Quitclaim Deed; and

  k.  A minimal documentary stamp tax of $0.70 was paid, which is substantially less than it should be based on the value of the purported conveyance at the time of recordation.

12. Diamond Taylor intended to falsely claim ownership of the property under the forged, fraudulent, unauthorized and/or ineffective Quitclaim Deed.

13. On June 7, 2021 Diamond Taylor or Clinton Thomas, or someone acting on their behalf, knowingly prepared and recorded a forged, fraudulent and void Warranty Deed in the Broward County, Florida, Official Records under instrument number 117327934 (the "**Thomas Warranty Deed**"), that purports to deed the property from Diamond Taylor to Clinton Thomas.  A copy of the Thomas Warranty Deed is attached as **EXHIBIT I**.

14. The Thomas Warranty Deed is forged, fraudulent, unauthorized and otherwise ineffective on its face and in substance because, among other reasons:

    a. Diamond Taylor did not have a valid interest in the property to transfer to Clinton Thomas because the Quitclaim Deed was forged, fraudulent, unauthorized and otherwise invalid;

    b. The purported Thomas Warranty Deed preparer, Tyler A. James PLA either does not exist or did not prepare the Thomas Warranty Deed;

    c. The address given for Tyler A. James PLA is an address for another company and matches the address given for Premier Corporate Solution LLC under the Quitclaim Deed;

    d. The phone and fax numbers given for Tyler A. James PLA are phone and fax numbers for another company and match the phone and fax numbers given for Premier Corporate Solution LLC under the Quitclaim Deed;

    e. Mark Nontel's signature was forged and he did not witness the Thomas Warranty Deed;

  f.  Steven Hartman's signature was forged and he did not witness the Thomas Warranty Deed;

  g.  Notary Philip Brown's signature and the notarial seal were forged and he did not notarize the Quitclaim Deed; and

  h.  A minimal documentary stamp tax of $0.70 was paid, which is substantially less than it should be based on the value of the purported conveyance at the time of recordation.

15. Clinton Thomas intended to falsely claim ownership of the property under the forged and fraudulent Thomas Warranty Deed.

16. Clinton Thomas had knowledge the Quitclaim Deed was forged and fraudulent at the time he entered into the Thomas Warranty Deed.

17. Clinton Thomas conspired with Diamond Taylor to fraudulently transfer the property from Deutsche Bank to Diamond Taylor to Clinton Thomas.

18. Deutsche Bank executed a Notice of Fraudulent Transfer and Fraudulent Transfer Affidavit on December 3, 2021 and recorded them in the Official Records of Broward County Florida under instrument number 117782524 on December 6, 2021. A copy of the recorded Notice of Fraudulent Transfer is attached as **EXHIBIT J**.

## DAMAGES

19. The Quitclaim Deed's recording has placed a cloud on the property's title, obfuscating that Deutsche Bank is the only true legal owner.

20. Until the cloud is lifted, Deutsche Bank cannot realistically market, sell, or convey the property.

21. Deutsche Bank has incurred and continues to incur financial loss as a result of the recording of the Quitclaim Deed, including but not limited to: **(a)** costs and attorneys' fees incurred in correcting or removing the deed from the official records; and **(b)** fees and costs for property preservation and maintenance, property taxes, insurance, and other carrying costs incurred during the period of the Quitclaim Deed's interference with Deutsche Bank's ownership, possession, and sale of the property.

22. Deutsche Bank has retained Akerman LLP to represent them in this action and has agreed to pay Akerman LLP a reasonable fee for services.

## —COUNT ONE—
## QUIET TITLE

23. Deutsche Bank realleges paragraphs 1 through 21.

24. Deutsche Bank has title to the property pursuant to the Certificate of Title attached as **EXHIBIT G**.

25. Diamond Taylor may claim an interest in the property by virtue of the Quitclaim Deed.

26. Clinton Thomas may claim an interest in the property by virtue of the Thomas Warranty Deed.

27. Any interest Diamond Taylor or Clinton Thomas claims in the property is invalid because the Quitclaim Deed and Thomas Warranty Deed were unauthorized, forged, fraudulently created and recorded, and were otherwise insufficient to transfer an interest in the property.

28. Although the unauthorized, forged and/or fabricated Quitclaim Deed and Thomas Warranty Deed are void and otherwise ineffective, they remain a cloud on Deutsche Bank's title to the property.

WHEREFORE, Deutsche Bank demands judgment: **(a)** quieting title to the property in Deutsche Bank's favor from and against all right, title, claim, and interest of Diamond Taylor, Clinton Thomas and all those claiming by, through, under, or against Diamond Taylor or Clinton Thomas since the filing of the notice of *lis pendens*; **(b)** permanently enjoining Diamond Taylor and Clinton Thomas and all those claiming by, through, under, or against Diamond Taylor or Clinton Thomas from asserting from asserting any right, title, claim or interest in the property; and **(c)** granting such other and further relief as the Court deems just and proper.

—COUNT TWO—
DECLARATORY JUDGMENT

29. Deutsche Bank realleges paragraphs 1 through 21.

30. This is an action for declaratory relief seeking an order declaring the Quitclaim Deed and Thomas Warranty Deed forged and fraudulent and void *ab initio*, striking the Quitclaim Deed and Thomas Warranty Deed from the public records, and declaring Diamond Taylor's and Clinton Thomas' purported interest does not attach to the property.

31. Because Deutsche Bank neither authorized, executed, nor delivered the fabricated Quitclaim Deed, the Quitclaim Deed is a legal nullity and conveyed no interest in the property to Diamond Taylor.

32. Because Diamond Taylor had no valid interest in the property and because the Thomas Warranty Deed was forged, fraudulent and otherwise ineffective, the Thomas Warranty Deed is a legal nullity and conveyed no interest in the property to Clinton Thomas.

33. Deutsche Bank is in doubt as to its rights, title, and interest in the property and therefore declaratory relief is necessary.

34. There exists a present and justifiable controversy between the parties, and Deutsche Bank is entitled to a declaration as to whether Diamond Taylor or Clinton Thomas has any possessory or ownership interest and/or any other right, claim, title, or interest in the property.

WHEREFORE, Deutsche Bank demands judgment: **(a)** declaring that the Quitclaim Deed and Thomas Warranty Deed are null and void *ab initio*; **(b)** striking the Quitclaim Deed and Thomas Warranty Deed from the official record and removing them from any electronic database used for indexing or locating instruments in the official record; **(c)** awarding Deutsche Bank its costs in this action as provided in Chapter 86, Florida Statutes; and **(d)** granting such other and further relief as the Court deems just and proper.

—COUNT THREE—
VIOLATION OF FLORIDA STATUTE § 817.535

35. Deutsche Bank realleges paragraphs 1 through 21.

36. The Quitclaim Deed and Thomas Warranty Deed contain materially false, fictitious, or fraudulent statements or representations regarding Diamond Taylor's and Clinton Thomas' interest in the property.

37. Diamond Taylor and Clinton Thomas, or someone acting on their authority, filed and recorded the Quitclaim Deed and Thomas Warranty Deed with an intent to defraud or harass Deutsche Bank, the true property owner.

38. The Quitclaim Deed and Thomas Warranty Deed do not establish a legitimate property interest in favor of Diamond Taylor or Clinton Thomas because they were fraudulently created and recorded and are otherwise ineffectual.

39. Diamond Taylor's and Clinton Thomas' actions violated Fla. Stat. § 817.535(8).

40. Deutsche Bank is entitled to recover its actual damages, statutory damages of $2,500, costs and reasonable attorneys' fees.

41. Deutsche Bank also reserves its right to amend to add a claim for punitive damages pursuant to Fla. Stat. § 768.72.

WHEREFORE, Deutsche Bank demands judgment: **(a)** finding that the Quitclaim Deed and Thomas Warranty Deed contain materially false, fictitious, or fraudulent statements or representations such that the instruments do not establish a legitimate property or lien interest in favor of Diamond Taylor or Clinton Thomas; **(b)** determining the Quitclaim Deed and Thomas Warranty Deed are null and void *ab initio*; **(c)** permanently enjoining Diamond Taylor and Clinto Thomas from filing, or directing a person to file, an instrument in the official records without prior review and approval for filing by a circuit or county court judge as provided in Fla. Stat. § 817.535(8)(b)(1); **(d)** finding that Diamond Taylor's and Clinton Thomas' intent was to defraud or harass Deutsche Bank; **(e)** awarding Deutsche Bank its actual damages in an amount to be determined, plus statutory damages of $2,500, and reasonable attorneys' fees and costs pursuant to Fla. Stat. § 817.535(8); and **(f)** granting such other and further relief as the Court deems just and proper.

## —COUNT FOUR—
## SLANDER OF TITLE

42. Deutsche Bank realleges paragraphs 1 through 21.

43. Diamond Taylor and Clinton Thomas published a false fact when Diamond Taylor and Clinton Thomas, or someone acting on their authority, recorded the Quitclaim Deed and Thomas Warranty Deed.

44. Diamond Taylor and Clinton Thomas knew or should have known their claim of unencumbered ownership of the property was false and ineffective, since their ownership claims were based on a fraudulently created and recorded document.

45. The Quitclaim Deed and Thomas Warranty Deed are a false cloud on Deutsche Bank's title to the property.

46. Diamond Taylor and Clinton Thomas knew or should reasonably know the Quitclaim Deed and Thomas Warranty Deed has and will continue to interfere with Deutsche Bank's ability to market and sell the property to persons otherwise interested in purchasing the property.

47. Deutsche Bank has suffered damages as a result of the Quitclaim Deed and Thomas Warranty Deed, and will continue to suffer damages from being unable to market, transfer or sell the property.

WHEREFORE, Deutsche Bank demands judgment against Diamond Taylor and Clinton Thomas for damages arising from their recording of the fabricated, false, fraudulent and ineffective Quitclaim Deed and Thomas Warranty Deed, including Deutsche Bank's attorneys' fees and costs in this action, and granting such other and further relief as the Court deems just and proper.

Dated:  January 18, 2022

    Respectfully submitted,

    */s/ Nathaniel D. Callahan*
Nathaniel D. Callahan, Florida Bar No. 60297
**AKERMAN LLP**
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, Florida  33301
954-463-2700(ph)/954-463-2224 (fax)
**Primary E-mail**: nathaniel.callahan@akerman.com
**Secondary E-mail**:  thelma.white@akerman.com
954-463-2700(ph)/954-463-2224 (fax)

*Counsel for Plaintiff*