UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-60133-ALTMAN/Hunt

**DEUTSCHE BANK NATIONAL TRUST COMPANY**,

 *Plaintiff*,

*v.*

**DIAMOND TAYLOR**, *et al.*,

 *Defendants.*

_____/

**<u>ORDER</u>**

 This is a dispute over land. The Plaintiff, Deutsche Bank National Trust Company, alleges that the Defendants, Diamond Taylor and Clinton Thomas, recorded fraudulent deeds in an apparent attempt to steal Deutsche Bank's property. *See generally* Compl. [ECF No. 1]. Deutsche Bank has since moved to serve the Defendants through alternative means. *See* Motion for Alternative Service [ECF No. 10] (the "Motion"). Specifically, Deutsche Bank asks to serve the Defendants by publication under Florida law. This Order follows.

 The Federal Rules provide that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" FED. R. CIV. P. 4(e)(1). Under Florida law, a plaintiff may execute "[s]ervice of process by publication" in fifteen kinds of cases. *See* FLA. STAT. § 49.011. As relevant here, service by publication is authorized "[t]o quiet title or remove any . . . cloud on the title to any real or personal property within the jurisdiction of the court[.]" *Id.* § 49.011(2).

 "As a condition precedent to service by publication, a statement shall be filed in the action executed by the plaintiff, the plaintiff's agent or attorney, setting forth substantially the matters

hereafter required, which statement may be contained in a verified pleading, or in an affidavit or other sworn statement." *Id.* § 49.031(1). When the defendant is a natural person, that sworn statement must show the following:

> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
>
> (2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and
>
> (3) In addition to the above, that the residence of such person is, either:
>
>> (a) Unknown to the affiant; or
>>
>> (b) In some state or country other than this state, stating said residence if known; or
>>
>> (c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

*Id.* § 49.041; *see also CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, 2021 WL 2953118, at *2 (S.D. Fla. July 14, 2021) (Bloom, J.) (setting out the requirements for service by publication).

"Strict and substantial compliance with the provisions of the [service-by-publication] statute must be shown in order to support the judgment." *Drury v. Nat'l Auto Lenders, Inc.*, 83 So. 3d 951, 952 (Fla. 3d DCA 2012) (quoting *Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Were Due*, 33 So. 2d 716, 718 (Fla. 1948)); *see also EHR Aviation, Inc. v. Lawson*, 2011 WL 46119, at *2 (M.D. Fla. Jan. 6, 2011) ("Because the statutes that allow for substitute service of process are an exception to the general rule requiring that a defendant be personally served, 'due process values require strict compliance.'" (quoting *Monaco v. Nealon*, 810 So. 2d 1084, 1085 (Fla. 4th DCA 2002))). As such, "[t]he complaint must allege sufficient facts to show a cause of action for which constructive service is allowed under the statute." *Huguenor v. Huguenor*, 420 So. 2d 344, 346 (Fla. 5th DCA 1982).

In setting out the causes of action for which constructive service is authorized, courts have widely held that Florida law does not allow service by publication where the plaintiff is bringing an *in personam* action for damages. *See, e.g., Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) ("The Florida statute sets forth [fifteen] types of actions in which service may be made by publication. None of the categories involve a personal action for damages." (cleaned up)); *Commodores Ent. Corp. v. McClary Fifth Ave. Ent., LLC*, 2015 WL 12844297, at *4 (M.D. Fla. Apr. 15, 2015) ("Service by publication is not available in an action, such as this, where the relief sought is monetary damages."); *Zieman v. Cosio*, 578 So. 2d 332, 332–33 (Fla. 3d DCA 1991) (holding that service by publication was improper because "constructive service confers only in rem or quasi in rem jurisdiction upon the court," but the plaintiff "sought . . . a personal money judgment against" the defendant, which "necessitates in personam jurisdiction").

This last point is dispositive here. In our case, Deutsche Bank has brought four counts: Quiet Title (Count I), Declaratory Judgment (Count II), Violation of Florida Statute § 817.535 (Count III), and Slander of Title (Count IV). Although Deutsche Bank asks for only injunctive and declaratory relief in the first two counts, it explicitly requests "damages"—including "actual" and "punitive" damages—in the last two counts. *See* Compl. ¶¶ 23–47. And, as we've said, courts have held that "[s]ervice by publication is not available in an action . . . where the relief sought is monetary damages." *Commodores*, 2015 WL 12844297, at *4; *see also, e.g., New England Rare Coin Galleries, Inc. v. Robertson*, 506 So. 2d 1161, 1162 (Fla. 3d DCA 1987) (noting that service by publication "is not available to the plaintiff to procure in personam jurisdiction over the defendant" in an action "for damages arising out of breach of contract, breach of warranty, fraud and negligent misrepresentation").

So, here's what we'll do. We'll administratively stay and close this case until May 31, 2022. By that date, Deutsche Bank shall either (1) serve the defendants by traditional means, (2) file a renewed motion for alternative service explaining why service by publication should be allowed where (as here)

3

some of the counts seek money damages, or (3) file an amended complaint dropping any request for money damages and then file a renewed motion for alternative service. *See, e.g., JPMorgan Chase Bank, N.A. v. Sun State Cap. Props., LLC*, 2017 WL 8809484, at *1–*2 (M.D. Fla. June 15, 2017) (noting that the court previously denied a motion to serve by publication where the plaintiff "failed to address the propriety of service by publication given that one of [the plaintiff's] causes of action is for [damages]," but authorizing service by publication because the plaintiff "advised the Court that it would dismiss [the damages count]").

\*   \*   \*

Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Plaintiff's Motion [ECF No. 10] is **DENIED without prejudice**.

2. By **May 31, 2022**, Deutsche Bank shall either (1) serve the defendants by traditional means, (2) file a renewed motion for alternative service explaining why service by publication is allowed where some counts seek money damages, or (3) file an amended complaint dropping any request for money damages and then file a renewed motion for alternative service.

3. In the meantime, this case shall be **STAYED** and administratively **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of April 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record